

## NUMBER 13-19-00366-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

MCALLEN HOSPITALS, L.P.;
MCALLEN HOSPITALS, L.P.
D/B/A MCALLEN MEDICAL
CENTER; MCALLEN MEDICAL
CENTER; MCALLEN HOSPITALS,
L.P. D/B/A SOUTH TEXAS
HEALTH SYSTEM; AND SOUTH
TEXAS HEALTH SYSTEM,                                           Appellants,

v.

ELOY SEPULVEDA,                                                Appellee.

On appeal from the 389th District Court
of Hidalgo County, Texas.

## ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Order Per Curiam**

Before us is a motion to abate for clarification of jurisdiction filed by appellants McAllen Hospitals, L.P.; McAllen Hospitals, L.P. d/b/a McAllen Medical Center; McAllen Medical Center; McAllen Hospitals, L.P. d/b/a South Texas Health System; and South Texas Health System. Appellants contend that the trial court entered a final and appealable order awarding guardian ad litem fees, however, since entering that order, the trial court has continued to issue orders in this matter, calling into question whether the trial court maintains jurisdiction. Appellants argue that the order was final and appealable because of the language therein, which stated: "IT IS FURTHER ORDERED that this is a final and appealable order." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (order or judgment "is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties").

The record before the Court fails to illustrate that all claims asserted by or against all parties have been disposed. Since entering the order awarding guardian ad litem fees, appellants filed their appeal and the trial court has continued to enter orders in the underlying matter, rendering uncertainty as to the finality of the order now on appeal before this Court. Under these circumstances, we may abate the appeal to permit clarification by the trial court. *See Lehmann*, 39 S.W.3d at 206 (stating the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record); *see* TEX. R. APP. P. 27.2, 44.3, 44.4; *see also Tex. Political Subdivision v. Pharr San Juan Alamo Indep. Sch. Dist*, No. 13-13-00691-CV, 2015 WL

4141217, at *3 (Tex. App.—Corpus Christi–Edinburg July 9, 2015, no pet.) (mem. op.) (stating "Texas Rule of Appellate Procedure 27.2 and *Lehmann* authorize appellate courts to abate the appeal and remand the case to the trial court for modification of the order or clarification of the trial court's intent to enter a final judgment. However, this procedure is available only if we are uncertain whether the trial court intended to enter a final judgment."); *Evanston Ins. Co. v. D & L Masonry of Lubbock, Inc*., No. 07-10-00253-CV, 2010 WL 3190660 (Tex. App.—Amarillo Aug. 12, 2010, no pet.) (mem. op.) (stating that "[w]e are aware that Texas Rule of Appellate Procedure 27.2 and *Lehmann* authorize appellate courts to abate the appeal and remand the case to the trial court for modification of the order or clarification of the trial court's intent to enter a final judgment. However, such procedure is available only when the appellate court is 'uncertain' whether the trial court intended to enter a final judgment."); *Lopez v. Guadalupe County Bail Bond Bd*., No. 07-19-00020-CV, 2019 WL 3137408, at *2 (Tex. App.—Amarillo July 15, 2019, no pet. h.)

Accordingly, we ABATE the appeal and REMAND the cause to the trial court for clarification. Upon remand, the trial court shall address whether it intended the judgment to completely dispose of all claims and all parties. The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this

order. This appeal will be reinstated upon receipt of the foregoing materials and upon further order of this Court.

It is so ORDERED.

PER CURIAM

Delivered and filed the
28th day of January, 2020.

4